IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK SULLIVAN<br><br>*Plaintiff*,<br><br>v.<br><br>WAYNE ALARM.<br><br>*Defendant.* | Civil Action No.<br>1:21 CV 1961 |

## COMPLAINT

Plaintiff Mark Sullivan ("Plaintiff") files this Complaint ("Complaint") against Wayne Alarm ("Defendant") and in support states the following:

### Introduction

1. Defendant employs Plaintiff as an Assistant Manager of Monitoring.

2. During Plaintiff's employment, Defendant paid Plaintiff a salary.

3. Plaintiff regularly worked over 40 hours per week.

4. During Plaintiff's employment, Defendant misclassified Plaintiff as exempt from state and federal overtime laws and did not pay him overtime for all overtime hours worked.

1

5. Plaintiff brings this action due to Defendant's misclassification of his position in which he was not paid all earned overtime pay for time he worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

6. Plaintiff also brings claims under Massachusetts state law under the Massachusetts Minimum Fair Wage Law ("MAWL"), Mass. Gen. L. ch. 151, § 1A and Massachusetts Wage Act, Mass. Gen L. ch. 149 §148.

7. Plaintiff brings his state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay him for all earned pay including but not limited to overtime pay.

## The Parties

8. Plaintiff is a resident of Lynn, Massachusetts, and employee of Defendant.

9. Defendant Wayne Alarm is a Massachusetts corporation.

10. Defendant's principal place of business is in Lynn, Massachusetts.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

12. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as his FLSA claims.

13. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

14. Plaintiff's primary duties consist of non-exempt technical work such as monitoring, responding to and handling alarm signals, assisting operators with alarms, maintaining onsite security, reporting issues to vendors based on established procedures and maintaining the staff schedule.

15. During his employment with Defendant, Plaintiff's primary job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

16. Plaintiff was required to follow the Defendant's policies and procedures and he did not have discretion to deviate from the policies or procedures.

17. Plaintiff's job duties did not involve management of a department and he did not have the authority or hire or fire employees.

18. Plaintiff has no authority to bind the Defendant or negotiation on behalf of the Defendant.

19. Plaintiff had to work over 40 hours in one or more individual workweeks during the last three (3) years.

20. During certain individual work weeks, Plaintiff worked up to 60 hours per workweek.

21. Plaintiff was paid on a salary basis and received the same amount of weekly pay regardless of the number of hours worked.

22. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times his regular rate of pay for all overtime hours worked.

23. During pay period October 31, 2021 to November 13, 2021, Plaintiff worked at least fifty four (54) hours, but was only paid for forty hours.

24. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

25. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

26. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

27. Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

28. Plaintiff was an "employee" of Defendant as defined under the MAWL § 1A.

29. Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

30. Defendant was Plaintiff's "employer" as defined by in 454 Mass Code Regs. § 27.02.

## COUNT I
## Violation of the Fair Labor Standards Act

31. Plaintiff incorporates here the previous allegations of this Complaint.

32. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff when he worked over 40 hours in individual workweeks.

33. Plaintiff was not exempt from the overtime provisions of the FLSA.

34. Plaintiff was directed by Defendant to work, and he did work, over 40 hours in one or more individual workweeks in the last three (3) years.

35. Defendant paid Plaintiff a salary and did not pay him overtime compensation for all hours worked over 40 in an individual workweek.

36. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when he worked over 40 hours in one or more individual workweeks.

37. Defendant's failure to pay one-and-one-half times his regular rates for all time worked over 40 hours in a workweek was willful.

## COUNT II
## MAWL – Failure to Pay Overtime

38. Plaintiff incorporates here the previous allegations of this Complaint.

39. This count arises from Defendant's violations of the MAWL by failing to pay overtime to Plaintiff when he worked over 40 hours in individual workweeks.

40. Defendant classified Plaintiff as exempt from the overtime provisions of the MAWL.

41. Plaintiff was not exempt from the overtime provisions of the MAWL.

42. Plaintiff was regularly directed by Defendants to work, and did work, over 40 hours in individual workweeks.

43. Defendant violated the MAWL by failing to pay Plaintiff overtime at one and one-half times her regular rates of pay he worked over 40 hours in individual workweeks.

## COUNT III
## Violation of Massachusetts Wage Act

44. Plaintiff incorporates here the previous allegations of this Complaint.

45. This count arises from Defendant's violations of the MAWL by failing to pay overtime to Plaintiff when he worked over 40 hours in individual workweeks.

46. Defendant classified Plaintiff as exempt from the overtime provisions of the MAWL.

47. Plaintiff was not exempt from the overtime provisions of the MAWL.

48. Plaintiff was regularly directed by Defendants to work, and did work, over

    40 hours in individual workweeks.

49. Defendant violated the Massachusetts Wage Act by failing to pay Plaintiff his earned wages including but not limited overtime at one and one-half times his regular rates of pay he worked over 40 hours in individual workweeks.

THEREFORE, Plaintiff seeks a judgment against Defendant as follows:

   A.   All unpaid overtime wages due to Plaintiff;

   B.   Liquidated and Treble damages;

   C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

   D.   Such other relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands a trial by jury.

Respectfully submitted,
Mark Sullivan
By his attorney,

<u>/s/ Corinne Hood Greene</u>
Corinne Hood Greene (#654311)
Greene & Hafer, LLC
529 Main St. Ste 200
Charlestown, MA 02129
cgreene@greeneandhafer.com
617-396-4600